274

GANINA MICHALS, as Executrix of MAXIM MICHALS, Deceased, Appellant-Respondent, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA et al., Respondents-Appellants.

In the Matter of 112 WEST 34TH STREET COMPANY, Petitioner, *v.* GANINA MICHALS, as Executrix of MAXIM MICHALS, Deceased, et al., Respondents.

First Department, June 19, 1969.

*Thomas F. Tivnan* of counsel (*Parker, Duryee, Zunino, Malone & Carter,* attorneys), for appellant-respondent.

*Robert A. Machleder* of counsel (*Wien, Lane, Klein & Malkin,* attorneys), for respondents-appellants.

STEVENS, P. J. These are cross appeals from an order and judgment entered August 29, 1968 which in part granted the motion of the plaintiff-appellant-respondent (hereinafter referred to as the plaintiff) for summary judgment, and in part granted the motion of the defendants for summary judgment.

Plaintiff instituted this action for a declaratory judgment that plaintiff is entitled to possession of certain premises for a period of 10 years commencing October 1, 1967 and ending September 30, 1977, or that the original lease executed May 24, 1957 had been extended for an additional period of 10 years

upon the terms and conditions set forth in the original lease, and that defendants be ordered to execute and deliver to plaintiff a renewal lease for the premises known as 109-125 West 33rd Street and 112-122 West 34th Street for a 10-year period commencing October 1, 1967. The plaintiff also sought to enjoin and restrain the defendants from interfering with the quiet possession of the premises by her. The answer of the defendants denied that the lease had been renewed and sought judgment dismissing the complaint.

Plaintiff is the executrix for the estate of one Maxim Michals, who by written lease dated May 24, 1957, rented the premises for 10 years at an agreed rental of $40,000 per year. The lease contained an option for renewal for an additional 10-year term from October 1, 1967 to September 30, 1977, if the option were exercised by the tenant serving written notice of an intention to exercise the option on or before October 1, 1966. It was also provided that the lease terms should be binding upon the "respective heirs, distributees, executors, administrators, successors and * * * assigns" of the parties. By written agreement dated May 16, 1958 the original lease was modified in certain particulars whereby the tenant surrendered a certain portion of the premises and the rent was reduced for a period from June 1, 1958 to December 31, 1958 to $30,000 per year, and for the period of January 1, 1959 to September 30, 1967 to $35,000 per annum. It was expressly provided that "except as herein specifically modified the aforesaid lease dated May 24, 1957 is ratified, affirmed and approved." The tenant was experiencing difficulties in developing his business and thereafter there were several such agreements made continuing the rent at a reduced figure per annum. One other such agreement was dated April 30, 1962 which provided that the rent per annum should be $30,000 for the period beginning January 1, 1962 and ending September 30, 1967. Again that agreement provided that it should be binding upon the heirs, executors, administrators, successors and assigns of the respective parties.

Maxim Michals died January 11, 1962 and letters testamentary were issued to the plaintiff as his executrix. July 7, 1966 plaintiff, as executrix, by letter addressed to the defendants, notified them that pursuant to the provisions of paragraphs 50 and 33 of the lease of May 24, 1957 "I hereby exercise the option contained therein to renew the aforesaid lease for an additional term of ten (10) years", etc., and further in the second paragraph "as you know, the aforesaid lease provides for an annual rental of $40,000. However, as you know, the rent, pursuant to the aforesaid lease, has been reduced periodically to the sum

of $30,000.00 per annum and I am presently paying a monthly rental on this annual basis. I sincerely hope that the additional ten-year term can proceed upon the basis of an annual rental of $30,000.00.'' By letter dated September 29, 1967 addressed to the plaintiff she was advised that the lease of May 24, 1957 expired by its terms on September 30, 1967, and that if she continued in possession she would be considered a holdover tenant at a monthly rental. Thereafter plaintiff brought suit to enjoin the defendants from refusing to execute a renewal lease and for a declaratory judgment as previously indicated. Suit was instituted in the Civil Court of the City of New York to recover from plaintiff the monthly difference in rent between $30,000 and $40,000 per annum. That action was consolidated with this one before us.

Plaintiff contends that the reduction to $30,000 fixed the renewal rental at that figure. It should be noted that in the will of Maxim Michals his executrix, this plaintiff, is expressly given authority to carry on the business conducted by him and to charge the expenses in her discretion against the principal of his estate or any trust. The defendants claimed, however, that the plaintiff did not have the power to sign for the estate and that any liability would be against her only as an individual. Defendants urge also that the so-called option renewal letter of July 7, 1966 was not an unequivocal renewal of the option.

Special Term concluded that there was a renewal of the option, that the rent applicable would be the $40,000 under the original lease, and that the reductions granted were purely on a temporary basis. Special Term decided also that plaintiff as executrix trustee had full power to carry on the corporate business and granted a motion by plaintiff to the extent of directing the defendants to execute a renewal lease at the rental of $40,000 per year. Special Term also granted a cross motion of the defendants to the extent of directing plaintiff to remove from a portion of the premises upon which she had allegedly encroached. The plaintiff was directed to pay the rent at the rate of $3,333.33 per month, less any amount which had been paid from October 1, 1967, as the monthly rental.

The premises rented here involved wall space in the building. Both parties appealed, plaintiff contending that the modifications of the original lease actually fixed the rent for the renewal term at $30,000 per year, and also that summary judgment should not have been granted as to the removal of the plaintiff from a portion of the premises on which she allegedly encroached. The defendants contend here, as they did below, that the execu-

trix plaintiff did not have the power to renew the lease for an additional term, and that the alleged renewal as contained in the letter of July 7, 1966, was ineffective because it was equivocal and qualified, but even if the lease were renewed the figure would necessarily be at $40,000 which was the minimum annual rental reserved in the original lease. The answer of the defendants did not ask for removal of the plaintiff from any encroached portion of the premises. Such relief was sought for the first time in a motion. This is insufficient. It does not clearly appear just which portion of the premises was allegedly improperly occupied by plaintiff. The affidavit upon which the determination rested that the plaintiff had encroached is insufficient to effectively delineate or identify the portion of the alleged encroachment, even when considered together with the map. Plaintiff places great reliance upon *Raleigh Assoc.* v. *Henry* (302 N. Y. 467). There it was expressly provided that the reduced rent was to be '' instead of '' the original rental and that the renewal would be at the rental reserved for the last year of the lease term. Such explicit language is not used here. Moreover, that determination was made after a trial of the issues. The fact from the record indicates that the numerous reductions in rental were granted, at least in some of the instances, to enable the plaintiff's business to survive. Whether or not the parties intended that this reduction should be other than temporary is a question which can only be determined upon a trial. Such trial would also determine whether there had in fact been an encroachment by the plaintiff upon space to which she was not entitled.

The order and judgment appealed from should be reversed on the law, the judgment vacated, and a trial directed of the several issues. The plaintiff should be directed to make payment directly to the landlord or his agent of a rental at the figure of $30,000 per annum. The tenant should deposit the difference between that figure of $30,000 per annum and the rent reserved in the original lease of $40,000 into the court pending the determination by way of trial of the rental to be fixed if the court should determine that the renewal option was exercised effectively. That will depend upon the construction given the letter of July 7, 1966. This is a general remand on all of the issues. Plaintiff, if so advised may apply to the Surrogate's Court for an order *nunc pro tunc* for authority on the part of the plaintiff to enter the lease. We do not now hold that she does not have such authority, but it was stated at the time of argument that should the court determine there had been an

effective renewal the defendants would be satisfied if an order were obtained from the Surrogate's Court which would serve to indicate that the plaintiff had the necessary authority to enter the lease. Accordingly the order and judgment appealed from should be reversed, judgment vacated, without costs and without disbursements, and the matter should be set down for trial on all of the issues as heretofore set forth.

McGIVERN, J. (dissenting). I can find no reason for overruling the finding of Special Term, that the letter of July 7, 1966 was sufficient to renew the old lease, the rent to be $40,000 per year. That is what plaintiff says in her letter, unless words have lost all meaning: '' I hereby exercise the option contained therein to renew the aforesaid lease for an additional term of ten (10) years commencing October 1, 1967 to and including September 30, 1977. As you know, the aforesaid lease provides for an annual rental of $40,000.'' True, there was added language of a wishful nature, precatory at best, and of no legal consequence. In any event, the construction to be given the letter involves a legal, and not a factual question requiring a trial. And the landlord, impervious to her hopes, on September 29, 1967, notified her the rent was $40,000 per year. On his part, there was no misunderstanding on that score.

I further concur with the Special Term Justice that '' Any equivocation is to the detriment of the plaintiff since the rent under the old lease was $40,000 per year and plaintiff has continued to occupy the premises.'' This tenant has either exercised her option and has a lease, or she is presently and will be a holdover tenant without any lease at all, for in my judgment there is nothing in the record to sustain a finding that there ever was a mutual meeting of the minds at $30,000, or at any figure other than that stated in the lease. Changes in a lease are not to be presumed or implied or accepted unless clearly within the provisions of the lease. (*455 Seventh Ave.* v. *Hussey Realty Corp.*, 295 N. Y. 166.)

Finally, I think Special Term was correct in granting the landlord's cross motion directing the removal of the tenant from the premises occupied by the tenant but not demised. The Halper affidavit which supports the declared encroachment is not refuted, and the plaintiff admits encroachment in the Tivnan affirmation of October 17, 1968 referred to at page 15 of the reply brief of plaintiff which states: '' With respect to the property upon which plaintiff now allegedly encroaches, *this is indeed minuscule and does not comprise a very substantial portion of the premises.*'' (Emphasis supplied.)

Accordingly, I would affirm.

Eager, Nunez and McNally, JJ., concur with Stevens, P. J.; McGivern, J., dissents in opinion.

Order and judgment (one paper) entered on August 29, 1968, reversed, on the law, without costs and without disbursements, judgment vacated, and the matter remanded for trial on all of the issues as set forth in the majority opinion of this court.